PEOPLE ex rel. HOLTZMANN et al. v. CITY OF SCHENECTADY.

(Supreme Court, Appellate Division, Third Department.   December 30, 1909.)

1. MUNICIPAL CORPORATIONS (§ 493*)—LOCAL IMPROVEMENTS—SPECIAL ASSESSMENTS—CONFIRMATION.

Under Schenectady City Charter (Laws 1903, p. 808, c. 371), § 245, authorizing the council after notice and hearing to confirm, with or without alterations, the report of the assessors levying an assessment for a local improvement, a vote of the council defeating a resolution to confirm the report of the assessors and to direct the collection of the assessment, taken while the report of the assessors was properly before the council, does not operate to take the report from the council, but simply leaves it as unfinished business.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1091; Dec. Dig. § 493.*]

2. MUNICIPAL CORPORATIONS (§ 80*)—NATURE OF CITY COUNCIL.

The common council of a city is a continuous body.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 184; Dec. Dig. § 80.*]

3. MUNICIPAL CORPORATIONS (§ 493*)—SPECIAL ASSESSMENTS—CONFIRMATION—POWER OF COUNCIL.

Where the council of Schenectady, acting under Charter (Laws 1903, p. 808, c. 371) § 245, left in 1907, as unfinished business, the question of confirming the report of the assessors levying an assessment for a local improvement, the council elected pursuant to Laws 1906, p. 1131, c. 473, the uniform charter for cities of the second class, and Laws 1907, p. 2393, c. 756, repealing the charter of the city, and providing that the provisions, so far as they are substantially the same as those of the charter repealed, shall be construed as a continuance of such repealed law, and not as a new enactment, had the power to act on the report and confirm it; the city operating under the new charter being in effect the same city operating under the repealed charter.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 493.*]

4. MUNICIPAL CORPORATIONS (§ 512*)—SPECIAL ASSESSMENTS—CONFIRMATION—REVIEW.

Where the council of a city had jurisdiction to confirm, with or without alterations, the report of assessors levying an assessment for local improvement, the remedy on the confirmation of the report without a proper hearing, and resulting in an unfair assessment as against particular taxpayers, was by appeal, and not by certiorari.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1185; Dec. Dig. § 512.*]

Certiorari by the People of the State of New York, on the relation of Charles Holtzmann and another, to review an assessment by the City of Schenectady for a local improvement in widening a street. Confirmed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Miles R. Frisbie, for relators.

William P. Nolan, Corp. Counsel, for respondent.

JOHN M. KELLOGG, J. In April, 1908, the common council of the city confirmed the report of the assessors which was before the common council April 10, 1907, made the assessments therein recommended, and ordered the same to be collected by the city treasurer. Under the stipulation upon which this case is heard we are to determine whether the action of the common council December 10, 1907, with reference to that report, was a final determination with reference thereto so that the board of 1908 had no jurisdiction or power to take action with reference to it.

We may assume that the report of the assessors recommending the assessment roll was properly before the council for its action December 10, 1907. Section 245 of the City Charter (Laws 1903, p. 808, c. 371) then in existence provided:

"The common council may thereupon (after the notice and hearing) confirm such report without any alteration, or with such alterations therein as they deem proper or may set the same aside and refer the matter to the same or new assessors to be appointed by the common council, who shall proceed thereupon in the manner above provided. The confirmation of such report by the common council shall be final and conclusive unless an appeal be taken therefrom as hereinafter provided."

A resolution was then offered to the council that the report of the assessors be and hereby is in all things confirmed, that the assessment be made as recommended in the report, and that the city treasurer proceed with the collection of the assessment in the manner prescribed by law. A vote taken upon the resolution resulted in seven ayes and eleven nays. No further proceeding was taken with reference to the matter until April 23, 1908, when it was moved and carried that the Van Vranken avenue matter be taken from the table, and adjourned to April 28th, at which latter date the council voted to reconsider the vote of December 10, 1907, and then passed the resolution under review. Van Vranken avenue had been widened, and the proceeding taken therefor would not end until the report of the assessors, which was duly before the council, was confirmed with or without alterations, or set aside, and if set aside the duty rested upon the council to refer the matter to the same or new assessors for their consideration. A refusal at the time to approve of the report did not set it aside or necessarily pass upon its merits. It only shows that the council at that time was not ready to approve of the report, levy the assessment, and cause it to be collected. Perhaps it was deemed wise to give it further consideration, to consider contemplated alterations, or for some reason to delay action upon it to some other time. The vote did not take the report from the council, but simply left it as unfinished business.

Chapter 756, p. 2393, Laws 1907, repealed chapter 371, p. 733, Laws 1903, which was the charter of the city, and took effect January 1, 1908, and the common council whose action is under review was elected

pursuant to the Laws of 1907 and the uniform charter for cities of the second class (chapter 473, p. 1131, Laws 1906), and the personnel of the common council was substantially changed. The repeal of the city charter, and the fact that the city became a city of the second class, did not alter the character of the report or change the fact that the proceeding for widening Van Vranken avenue had proceeded up to such report and could not be continued further except by the confirmation or setting aside of such report.

The common council of a city is a continuous body. People ex rel. N. Y. C. & H. R. R. Co. v. City of Buffalo, 123 App. Div. 141, 108 N. Y. Supp. 331. The provisions of the law of 1907 with reference to this subject are substantially the same as those of the former charter. The law of 1907 expressly provided, at section 228 (page 2469), that its provisions, so far as they are substantially the same or cover the same subject-matter as those of a law thereby repealed, shall be construed as a continuance of such repealed law, modified or amended according to the language employed, and not as new enactments. The fact that Schenectady became a second-class city and was operating under a new charter is therefore immaterial, as it was in effect the same city operating under substantially the same law so far as the matter under consideration is concerned.

It is unnecessary to consider the effect of the vote to take the Van Vranken avenue matter from the table and to rescind the vote of December 10th. Such action was probably unnecessary, as the resolution remained unfinished business before the council, and the vote of December 10th at most was a vote that the council was not at that date prepared to confirm the report.

The old and the new charter alike contemplate that, after the report of the assessors is filed, notice shall be given to all parties interested. Such notice was given of the hearing which resulted in the action of December 10th. Considering, the fact, that a long time had elapsed, that the present members of the common council did not hear the oral claims of the parties contesting such report, but only had before them the written objections filed, it would have been equitable and proper that notice be given that the matter was to be considered by the council of 1908. But, as we construe the stipulation upon which this case is heard, it turns upon the question whether final action had been taken in December, 1907, upon the report so as to deprive the new board of power to act thereon, and it is therefore unnecessary to consider the question whether the relators were prejudiced by a failure to receive notice of the proposed action by the new council. The statutory notice to give jurisdiction to the council to act had been duly given. If for any reason the result is unfair towards the relators, the statute gave them a remedy by appeal, and, if they were prejudiced by not having a rehearing, that matter would be proper for consideration upon such appeal and is not now before us for consideration.

The determination under review should therefore be confirmed, with $50 costs and printing disbursements. All concur.